```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  TEDO SHASHIASHVILI,                                       :
                                                            :
                                   Plaintiff,               :   MEMORANDUM DECISION
                                                            :   AND ORDER
                    - against -                             :
                                                            :   24-cv-7666 (BMC)
  MERRICK GARLAND, ALEJANDRO                                :
  MAYORKAS, UR MENDOZA JADDOU,                              :
  CHRISTOPHER A. WRAY, JAMES                                :
  DENNEHY, CONNIE NOLAN, TERRI                              :
  ROBINSON, TAMMY MECKLEY, LAURA                            :
  B. ZUCHOWSKI, and MICHAEL                                 :
  VALVERDE,                                                 :
                                                            :
                                   Defendants.              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a Georgian citizen, seeks a writ of mandamus under 28 U.S.C. § 1361, as well as a declaration and injunction under the Administrative Procedure Act ("APA") and the Fifth Amendment due process clause, compelling defendants, who are officials of the immigration authorities, to adjudicate his Form I-485 application to register permanent residence or adjust status. Before the Court is defendants' motion to dismiss the case as moot. Because defendants have acted on plaintiff's Form I-485 application, the Court grants defendants' motion.

## BACKGROUND

In August 2020, plaintiff Tedo Shashiashvili filed a Form I-485 application to register permanent residence or adjust status based on an approved Form I-360 petition for a VAWA self-petitioning spouse of an abusive U.S. citizen. After waiting over four years for the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate plaintiff's Form I-485 application, plaintiff filed this lawsuit in November 2024. In his complaint, plaintiff requested

that this Court compel defendants to process plaintiff's biometrics and background checks, schedule an interview if necessary, and adjudicate plaintiff's Form I-485 application.

Defendants filed a motion to dismiss, arguing that USCIS had initiated adjudication of plaintiff's application by scheduling an interview for December 27, 2024.[1]  Defendants contend that scheduling plaintiff's interview rendered this case moot because it "patently demonstrates the absence of the agency-inaction predicate of Plaintiff's undue delay suit."  Plaintiff argues in response that this action is not moot because defendants have still not adjudicated his Form I-485 application.

## DISCUSSION

"[N]o statute could authorize a federal court to decide the merits of a legal question not posed in an Article III case or controversy."  Fox v. Bd. of Trustees of State Univ. of New York, 42 F.3d 135, 140 n.2 (2d Cir. 1994) (quoting U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 21 (1994)).  If there is no case or controversy, a federal court must dismiss an action as moot.

"In the immigration context, an 'agency's refusal to act' on an application for adjustment of status is a 'prerequisite for the existence of a case or controversy.'"  Yusupov v. Mayorkas, No. 21-cv-4066, 2021 WL 6105720, at *1 (E.D.N.Y. Dec. 23, 2021) (quoting Meixian Ye v. Kelly, No. 17-cv-3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017).  "[C]ourts in this district have found that the issuance of an interview notice renders a suit to compel adjudication of an immigration application moot."  Long v. Garland, No. 22-cv-6652, 2023 WL 6930674, at *1 (E.D.N.Y. Oct. 19, 2023) (citation omitted).

---

[1] Plaintiff confirmed that he attended this interview.

Here, USCIS has acted on plaintiff's application by scheduling an interview, rendering this action moot. Defendants have begun the process of adjudicating plaintiff's Form I-485 application, the delay of which was the basis for plaintiff's action. Because this process is underway, plaintiff can no longer argue that defendants are not acting on his application. See Wang v. United States Citizenship & Immigr. Servs., No. 22-cv-149, 2022 WL 17851621, at *1 (E.D.N.Y. Aug. 3, 2022) ("[A]n application to compel agency action in the immigration context becomes moot once the agency begins to spin its bureaucratic cogs toward decision." (internal quotation marks and quotation omitted)).

Plaintiff argues that USCIS's scheduling of an interview does not moot this action because defendants still have not adjudicated plaintiff's Form I-485 application. Plaintiff also asserts that "[m]erely scheduling an interview . . . does not complete the matter, rather it prolongs it." In reality, scheduling plaintiff's interview will allow plaintiff's application to move forward, granting him the relief sought in this lawsuit. And "a decision on [plaintiff's] application itself is not necessary to deprive the Court of jurisdiction on mootness grounds." Yusupov, 2021 WL 6105720, at *2. Because USCIS has taken action on plaintiff's Form I-485 application by scheduling an interview, plaintiff's case seeking to compel agency action is moot.

Of course, "[i]f the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay." Meixian Ye, 2017 WL 2804932, at *2. But his interview was three days ago, and any failure to act since then could not reasonably be characterized as "undue."

## CONCLUSION

Defendants' motion to dismiss is granted and the case is dismissed as moot.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       December 30, 2024